UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CALVIN C. DIXON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-04-0170 |
| | § | |
| ALBEMARLE CORPORATION, | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Before the court are three discovery motions by plaintiff Calvin C. Dixon, which have been referred to this magistrate judge for disposition.

Dixon's motion to compel (Dkt. 19), is granted in part and denied in part. Dixon's motion to compel answers to interrogatories 8, 11, and 13 is granted, but the responses to Nos. 8 and 11 may be limited to employees in Dixon's former bargaining unit at Albemarle's Pasadena, Texas plant who were terminated between January 1, 2000 and December 31, 2003. The response to No. 13 may be limited to supervisors who participated in the decision to terminate Dixon. Dixon's motion to compel answers to interrogatories 14, 15, 19, and 20 is denied as exceeding the applicable twenty-five limit. *See* FED. R. CIV. P. 33(a); S.D. Tex. Local Rule 33.1.

Dixon's motion regarding various requests for production (RFPs) is granted in part, with limitations. With respect to RFP 11, Albemarle must produce the personnel files of Dixon's supervisor(s) who participated in the decision to terminate his employment. The personnel files will include performance evaluations, disciplinary actions, or records of employee complaints; however, they need not include payroll, beneficiary, or medical records, or personal identifiers (such as Social Security numbers, home phone numbers, addresses, or similar personal identifiers of spouses or

relatives). With respect to RFP 13, Albemarle must produce the personnel files of those employees identified in its response to interrogatory 11; however, payroll and beneficiary information, W-2 tax forms, and personal identifiers may be redacted or otherwise excluded. Albemarle need not further respond to RFPs 17, 28, 31, or 35 because the information sought is either redundant of other requests or related to the withdrawn workers compensation claim. Albemarle's objections to RFP 44 are overruled, and it must produce the requested operator shift summaries from August 2002 until January 2003.

Dixon's two other referred motions are both denied. Dixon's motion to exclude the testimony of Albemarle's expert witnesses (Dkt. 23) is denied for failing to comply with Local Rule 7.1. Even if the required certificate of conference had been included, the motion is not well taken. Attorneys fees are typically decided by post-trial motion in federal court, and so attorney fee experts are not subject to the same rules as testifying experts. *See* FED. R. CIV. P. 58(c). Moreover, Dixon's objections to Albemarle's vocational rehabilitation expert are directed primarily toward the weight to be given her testimony, rather than its admissibility.

Dixon's second motion to compel discovery and/or motion for extension of time to complete discovery (Dkt. 24) is denied as untimely. The Rule 16 scheduling order directed that discovery be completed by March 2, 2005. *See* Dkt. 18. Dixon served his second request for production January 31, 2005. Albemarle's response to these requests would not have been due until March 7, 2005, beyond the discovery cut-off date. *See* FED. R. CIV. P. 5(b); 6(e); 34(b). The same is true with respect to Dixon's additional request to inspect and photograph areas in Albemarle's chemical plant. At some point in the last week of February 2005, Dixon mailed this request to Albemarle. Given that Federal Rule of Civil Procedure 34 allows thirty days to respond, it is also untimely in light of

the March 2nd discovery cut-off. Good cause has not been shown why leave should be granted to extend this deadline. Therefore, the motion is denied.

Accordingly, on or before May 10, 2005, defendant Albemarle Corporation will file responses to the specified interrogatories and produce the requested documents subject to an agreement between the parties that this information is to be maintained as confidential, and used for purposes of this litigation only. Albemarle will produce the files at the office of Dixon's counsel, or some other mutually agreeable place, and at an agreed time. A representative of Albemarle may accompany the files; Dixon may review and make copies of relevant documents; and all originals will be returned to Albemarle's representative upon completion of the review. All other requested relief is denied.

SIGNED and ENTERED on April 22, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge